Rain Levy Minns, TX Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd, Suite 500
Austin, TX  78759
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

Kevin W. Bons, OSB No. 066963
Beckley & Bons, P.C.
Attorneys At Law
66 Club Road, Suite 360
Eugene, Oregon 97401
Tel.: 541-683-0888
Fax: 541-683-0889
kbons@beckley-law.com

ATTORNEYS FOR CLAIMANT TALON V. WHITE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>$2,457,790.72 IN FUNDS, et al.<br><br>　　　　　Defendants<br><br>_____<br><br><br>TALON V. WHITE,<br><br>　　　　　Claimant | Case No.  6:19-cv-00707-BR<br><br><br><br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO CIVIL CLAIM FOR SEIZED PROPERTY** |

ANSWER AND AFFIRMATIVE DEFENSES                                                                            1

Claimant Talon V. White (hereinafter "Claimant"), by and through his undersigned counsel, hereby files his *Answer and Affirmative Defenses to the Government's Civil Complaint for Forfeiture In Rem* (hereinafter "Complaint") and states:

I.

## COUNTS

1. Claimant asserts that the allegations in paragraph 1 of the Complaint consists of legal conclusions regarding jurisdiction and venue to which no response is required. To the extent the Court requires a response, Claimant denies that this Court has jurisdiction over this action. Claimant further lacks information or knowledge sufficient to form a belief as to the truth of the allegation that acts or omissions giving rise to forfeiture in this district occurred.

II.

2. Paragraph 2 of the Government's Complaint is comprised of mixed allegations of law and fact concerning the property in dispute in this cause of action. Claimant admits that the Defendants, *in rem*, in this cause of action are as described in regard to name, quantity and source of funds (referenced as "Assorted Funds" in the Complaint). However, due to lack of knowledge and belief, Claimant must deny that the Assorted Funds were physically seized in the District of Oregon and must further deny the Government's jurisdictional arguments pertaining to the Assorted Funds.

III.

3. Paragraph 3 of the Government's Complaint consists of conclusory and nonspecific allegations that the Assorted Funds represent proceeds traceable to a violation of 18 U.S.C. § 2319 (Copyright Infringement), and therefore subject to forfeiture pursuant to 18 U.S.C. § 2323

and 18 U.S.C. § 981(a)(1)(C). Regarding the legal conclusions contained in this paragraph, Claimant maintains that no response is required. To the extent the Court requires a response, Claimant denies all legal conclusions contained in paragraph 3. Claimant further lacks knowledge or information sufficient to form a belief about the truth of all of the critical/important factual allegations contained in paragraph 3, including all referenced declarations of Keith Druffel incorporated therein, and must therefore deny the same.

IV.

4.      Paragraph 4 of the Government's Complaint consists of conclusory and nonspecific allegations that the Assorted Funds represent property involved in a transaction in violation of 18 U.S.C. § 1957 (Money Laundering), thereby subjecting the funds to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A). To the extent a response is required, Claimant denies all legal conclusions contained in paragraph 4. Claimant lacks knowledge or information sufficient to form a belief regarding the truth of all of the critical/important factual allegations contained in the remainder paragraph 4, including all incorporated/referenced declarations of Keith Druffel. Accordingly, Claimant must therefore deny all such factual allegations contained in Paragraph 4.

5.      Paragraph 5 of the Government's Complaint consists of its prayer that its requested relief is granted. Claimant denies that the Government is entitled to any of the relief requested.

V.

**JURY DEMAND**

6.      Claimant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.

## **AFFIMATIVE DEFENSES**

### First Affirmative Defense

7. Claimant asserts that Government's Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

8. Claimant asserts that the Government's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

9. Claimant asserts that defective notice was provided to Claimant regarding seized property.

### Fourth Affirmative Defense

10. Claimant asserts that the Government's seizure of his property violates his Fourth Amendment right to be free from illegal searches and seizures. Claimant further asserts that the warrant(s) utilized to seize his property were impermissibly vague, based on misleading, incorrect or illegally obtained information, was otherwise defective and/or improperly executed.

### Fifth Affirmative Defense

11. Claimant asserts that the Government's seizure of his property violates rights afforded to him under the Fifth Amendment.

### Sixth Affirmative Defense

12. Claimant, as an innocent owner, did not know, or have reason to know, that the property in question was being employed or was likely to be employed in criminal activity.

### Seventh Affirmative Defense

13. Claimant acted in good faith at all times relevant to the Complaint.

### Eighth Affirmative Defense

14. Claimant asserts that the Government's taking of his property violates rights afforded to him under the Eighth Amendment.

### Ninth Affirmative Defense

15. Claimant asserts that the Government cannot obtain a forfeiture judgment because it has not acted in good faith.

### Tenth Affirmative Defense

16. Claimant asserts that the Government cannot establish a substantial connection between the Property at issue and alleged criminal activity.

### Eleventh Affirmative Defense

17. Claimant asserts that the Government cannot obtain its sought forfeiture judgment because the result would be constitutionally disproportionate.

### Twelfth Affirmative Defense

18. Claimant asserts that the Government has failed to identify, segregate and/or trace property alleged to be tied to criminal activity from other funds of Claimant not alleged to be involved in criminal activity. As such, the Government is seeking an impermissible windfall.

### Reservation of Rights

19. Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

/ / /

## VIII.

## **PRAYER**

20.     Wherefore premises considered, Claimant Talon V. White respectfully prays that the Court will dismiss the Government's Complaint, assess all costs against the Government and that the Court grant such other and further relief, at law or in equity, to which Claimant may prove to be justly entitled.

Respectfully Submitted July 8, 2019.

*/s/ Rain Levy Minns*
Rain Levy Minns, TX Bar No. 24034581
rain@rainminnslaw.com
(pro hac vice pending)


*/s/ Kevin W. Bons*
Kevin W. Bons, OSB No. 066963
kbons@beckley-law.com
(local counsel)


*Attorneys for Claimant White*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2019, the undersigned served this document via CM/ECF and/or USPS in accordance with the Federal Rules of Civil Procedure on the following parties:

Amy E. Potter, AUSA
United States Attorney's Office
1000 SW 3rd Ave., Suite 600
Portland, OR 97204
Tel: 541-465-6356
Amy.potter@usdoj.gov

                                                          */s/ Kevin W. Bons*
                                         *Local Counsel for Claimant White*